■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD CAPARELLI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 10, 1963 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence. Judgment reversed on the law and the facts, and a new trial ordered. In our opinion, the present defendant is in substantially the same position as the defendant in *People* v. *Caparelli* (21 A D 2d 882). What was said in that decision relative to the right of a defendant to have an opportunity to ascertain whether a codefendant will testify on his behalf, is applicable to the present case. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS DE BOUR, Appellant.— In a *coram nobis* proceeding, defendant appeals from an alleged "judgment" of the Supreme Court, Nassau County, allegedly rendered on October 28, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered September 12, 1963 on his plea of guilty, convicting him of robbery in the second degree, and imposing sentence upon him as a second felony offender. The judgment of conviction was previously affirmed by this court (20 A D 2d 968). Appeal dismissed. The decision on the *coram nobis* application was dated October 28, 1964 and the order thereon was dated and entered November 17, 1964. The notice of appeal was dated and filed prior to the making of the order. There was no judgment or order rendered or made on October 28, 1964. Under the circumstances, the appeal must be dismissed (*People* v. *Willis*, 22 A D 2d 693; *People* v. *Adams*, 1 A D 2d 783). However, we have examined the record and have considered defendant's contentions; and, if we did not dismiss the appeal, we would affirm the order in any event. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.